HARRINGTON, FOXX, DUBROW & CANTER, LLP
SUSAN A. WATSON, State Bar No. 67954
655 Montgomery Street, Suite 1100
San Francisco, California 94108
Telephone: (415) 288-6600
Facsimile: (415) 288-6618
Email: swatson@hfdclaw.com

Attorneys for Defendant WERNER ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN MATTEI | CASE NO. C 08-01953 WDB |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| | Date: July 22, 2008 |
| | Time: 4:00 P.M. |
| WERNER ENTERPRISES, INC.; LOGAN HURD and DOES 1 through 50. | Courtroom: 4 (Magistrate Judge Wayne D. Brazil) |
| Defendants. | |

Plaintiff ALAN MATTEI ("MATTEI") and defendant WERNER ENTERPRISES, INC. ("WERNER") submit the following Joint Case Management Conference Statement:

1. <u>Jurisdiction and Service</u>:

This action is a civil action of which this Court has original jurisdiction under 28 USC § 1332, and which was removed to this Court by defendant, WERNER, pursuant to the provisions of 28 U.S.C. § 1441 (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.

Named defendant WERNER has been served and has appeared. Named defendant LOGAN HURD ("HURD") has not been served, but WERNER has stipulated that HURD was in the course and scope of his employment at the time of the incident in issue.

MATTEI will be dismissing HURD from this action.

2.  Facts:

This action arises out of an incident occurring in Hayward, California, on March 17, 2006, when a tractor trailer owned by WERNER and operated by HURD, impacted a parked recreational vehicle. MATTEI was allegedly asleep in the recreational vehicle on a bunk bed, and the impact caused him to fall out. MATTEI allegedly suffered neck and back injuries, which resulted in cervical surgery in April, 2008, and which will require lumbar surgery at an unspecified date in the future.

3.  Legal Issues:

This is a straightforward negligence action.

WERNER may assert that MATTEI is limited in his recovery under California Civil Code § 3333.4, to economic damages only, due to the fact that he did not have insurance covering his vehicle. WERNER may also assert that MATTEI is limited to recovery of amounts actually paid out for medical care, under Hanif v. Housing Authority (1988) 200 Cal.App.3d 635.

4.  Motions:

WERNER may bring a motion for summary adjudication on the issue of availability to MATTEI of non-economic damages, under California Civil Code § 3333.4.

The parties do not anticipate other pre-trial motions, other than motions in limine filed at time of trial.

5.  Amendment of Pleadings:

The parties do not at this time anticipate amendment of pleadings.

///

6.     Evidence Preservation:

WERNER preserves documents and information, including electronic information, in accordance with applicable federal motor carrier regulations.

7.     Disclosures:

The parties will comply with the July 15, 2008 deadline for serving Initial Disclosures.

8.     Discovery:

Both WERNER and MATTEI have served written discovery. WERNER has subpoenaed records from the medical care providers disclosed by MATTEI. It is anticipated that once complete medical records have been obtained, depositions of MATTEI and treating physicians will be scheduled.

9.     Class Actions:

Inapplicable.

10.    Related Cases:

The parties do not believe that there are any related cases.

11.    Relief:

Monetary damages for the personal injury.

12.    Settlement and ADR:

WERNER and MATTEI have agreed to private mediation by Oakland attorney Chris Lavdiotis, to take place in early 2009, after preliminary discovery has been completed.

///
///
///

13. <u>Consent to Magistrate Judge for All Purposes</u>:

WERNER has filed its Consent to Proceed Before a United States Magistrate Judge. MATTEI is prepared to consent as well.

14. <u>Other References</u>:

The parties do not believe that this case is suitable for other reference.

15. <u>Narrowing of Issues</u>:

WERNER believes that issues relating to the extent of damages potentially recoverable by MATTEI can be determined prior to trial by adjudication of the applicability of California Civil Code § 3333.4 and the applicability of <u>Hanif v. Housing Authority</u> (1988) 200 Cal.App.3d 635, as described in Section 3 above.

16. <u>Expedited Schedule</u>:

The parties do not believe that this case is appropriate for handling on an expedited basis.

17. <u>Scheduling</u>:

The parties propose the following dates:

Trial - September 14, 2009

Dispositive motions - April 17, 2009

Discovery cut off (non- expert) - July 3, 2009

Expert disclosure - June 16, 2009

Rebuttal expert disclosure - August 15, 2009

18. <u>Trial</u>:

Both parties request trial to a jury. The trial is estimated to take 5 to 7 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

WERNER filed its Certification of Interested Entities or Persons on July 9, 2008. WERNER states that as of this date, other than the named parties, there is no such interest to report.

20. <u>Other Matters</u>:

The parties do not believe that there are other matters that may facilitate the disposition of this case.

Dated: July 11, 2008                HARRINGTON, FOXX, DUBROW & CANTER

 /s/ Susan A. Watson
SUSAN A. WATSON, Attorney for Defendant, WERNER ENTERPRISES, INC.

Dated: July 11, 2008                ROBBINS, FETTNER & LEMMON

/s/ Thomas H. LemMon
THOMAS H. LEMMON, Attorney for Plaintiff, ALAN MATTEI

**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600